OPINION of die Court, by
Ch. J. Boyle.
This b an appeal from a judgment in ejectment. The parties to the controversy claim under different grants from the commonwealth i their grants however have a common boundary, which is described in both by course and distance only, without reference to any objects, either natural or artificial. The defendants in the court below offered evidence of a line extending part of the distance, but deviating from thwEOurse called for by the grants ; that it had been run and marked in making the original survey of the defendants, in the presence oi James ilarrod, under whom the plaintiffs derive title, and that he agreed to it as the true boundary between him and the defendant Cowan ; but the court, an. the motion of the plaintiffs, rejected the evidence.
Whether the court below erred in rejecting this evidence, is the only question which is deemed necessary to be decided in this case.
The surveyor, in making an original survey, was required bylaw to see the same bounded plainly by marked trees., except where a watercourse or ancient marked line was the boundary — -See 1 Litt. 412. The obvious intention oi this requisition was to furnish a visible land mark, by which every one might be able, without the aid of artificial means, to distinguish his own land from that of others : accordingly' it has ever been held that where a patent describes the land as well by marked lines and corners as by course and distance, the former, though variant from the latter, are to be taken as the true boundaries of the lands appropriated .by the patent — Beckley vs. Bryant and Ransdale, Pr. Dec. 107 —Morrison vs. Coghill, ibid 382.
But it is contended that where the patent describes ■the line, as in the present case, by its course paly, without reference to natural, or artificial objects, that-it would be contradicting the record by parol proof, to admit evidence to establish a marked line deviating from the course called for. This would be true, if, where a line is described by its course only, a mathematical line in the cause, either according to the true meridian or the magnetic variation was intended ; but ⅞ is apprehend- &. cd that this is a misconception of the true meaning, of *262 such a description of boundary. Such a line never vra* run *n makitlS any survey, and is impossible to bo ascertained with perfect precision and certainty by any human means. It seems more rational to presume the description of a line by its course to be applicable to the line as actually run and marked by the surveyor, than to one which never was run, exists only in idea, and is impracticable to be ascertained with certainty.
With this consideration, no rule of evidence will be violated in the admission of proof to shew the line as actually run and marked by the surveyor, though it should deviate in some measure from a direct mathematical line. The propriety of admitting such proof is amply supported upon the score of precedent—See the opinion of Judge Pendleton in the cases of Shaw vs. Clement, 1 Call 429—Herbert vs. Wise, 3 Call 239. See also the cases of Baker vs. Glasscocke, 1 Hen. and Mun. 177, and of Lyon vs. Ross and wife, (vol. 1, p. 467.)
If, however, in making a survey a line shall have been marked, as in the present case, only part of its distance, it would seem that the boundary of the survey, for the residue of the distance, should be ascertained by running a line as nearly direct as practicable from the termination of the marked line to the corner called' for.
We are therefore of opinion that the court below erred in rejecting the evidence with respect to the marked line.
Other objections have been taken to the proceedings in this case, but they seem to be founded upon a misapprehension of the record, or to be so clearly insufficient-as not to require particular notice.
Judgment reversed, and cause remanded for new proceedings to be had consistent with the. foregoing opi-ojon»